UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAIRFIELD QUAIL TERRACE, LLC, | No. 2:15-cv-01813-KJM-DAD |
| Plaintiff, | |
| v. | ORDER |
| PATRICIA EASTERLING, et al., | |
| Defendants. | |

On August 27, 2015, defendant, proceeding pro se, removed this unlawful detainer action from Solano County Superior Court. (ECF No. 1.) On the same day, defendant moved to proceed in forma pauperis. (ECF No. 2.) As explained below, the court REMANDS the case to the Solano County Superior Court and DENIES defendant's motion as MOOT.

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, a defendant may remove it to federal court. 28 U.S.C. § 1441(a). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. A federal district court may remand a case *sua sponte* where a defendant has not established federal jurisdiction. *See Enrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)). "If at any time

/////

1

1 before final judgment it appears that the district court lacks subject matter jurisdiction, the case
2 shall be remanded." 28 U.S.C. § 1447(c).

3   Here, the court finds the case should be remanded to the Solano County Superior
4 Court. The form complaint filed in the State Court is for unlawful detainer only. (ECF No. 1.)
5 Defendant grounds the removal on the court's federal question jurisdiction, arguing that "[f]ederal
6 question exists because [the] Answer, a pleading depend [sic] on the determination of [her] rights
7 and [p]laintiff's duties under federal law." (ECF No. 1 ¶ 10.) However, plaintiff is the master of
8 the complaint and may "avoid federal jurisdiction by pleading solely state-law claims." *Valles v.*
9 *Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005). Hence, defendant's assertion is best
10 characterized as a defense or a potential counterclaim; neither of which can be considered in
11 evaluating whether federal question jurisdiction exists. *Vaden v. Discover Bank*, 556 U.S. 49, 50
12 (2009) (federal question jurisdiction cannot "rest upon an actual or anticipated counterclaim");
13 *Valles*, 410 F.3d at 1075 ("A federal law defense to a state-law claim does not confer jurisdiction
14 on a federal court, even if the defense is that of federal preemption and is anticipated in the
15 plaintiff's complaint."); *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*,145 F.3d 320, 326–27
16 (5th Cir. 1998); *Takeda v. Nw. Nat'l Life Ins Co.*, 765 F.2d 815, 822 (9th Cir. 1985).

17   Accordingly, because plaintiff's unlawful detainer complaint does not provide a
18 basis for federal question jurisdiction, and defendant's potential defenses or counterclaims cannot
19 provide the basis for removal jurisdiction here, this court cannot exercise subject matter
20 jurisdiction over plaintiff's single state-law claim for unlawful detainer. This case is
21 REMANDED to Solano County Superior Court. Defendant's IFP motion is DENIED as MOOT.
22   IT IS SO ORDERED.
23  DATED: September 1, 2015.

UNITED STATES DISTRICT JUDGE